**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA FLORES, by and through her guardian Josie Clark,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>UNITED STATES OF AMERICA; DOES, 1-20, inclusive,<br><br>　　　　Defendants-Appellees. | No.　17-56120<br><br>DC No. 3:15-cv-00836 GPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 9, 2019[**]
Pasadena, California

Before:　　TASHIMA and PAEZ, Circuit Judges, and KATZMANN,[***] Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]　　The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Maria Flores ("Flores") brought suit against the United States and the San Ysidro Health Center (collectively, "Defendants") under the Federal Tort Claims Act ("FTCA") for medical negligence and violations of California's Elder Abuse and Dependent Adult Civil Protection Act ("Elder Abuse Act"), Cal. Welf. & Inst. Code §§ 15600–15675. The district court granted summary judgment to Defendants on Flores' Elder Abuse Act claim, and then entered judgment in favor of Defendants on Flores's medical negligence claim following a bench trial. Flores appeals both judgments.

We have jurisdiction under 28 U.S.C. § 1291. Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017). We review a grant of summary judgment de novo. *Ballen v. City of Redmond*, 466 F.3d 736, 741 (9th Cir. 2006). We affirm on both challenges.

**1.** The district court did not clearly err in finding that Flores had failed to demonstrate a necessary element of her medical negligence claim.[1] To establish medical negligence, a plaintiff must demonstrate: (1) a duty of care; (2) a breach of the duty; (3) that the breach caused the injury; and (4) resulting injury or

---

[1] Because the district court did not err in granting judgment to Defendants on Flores' negligence claim, Flores' damages challenge is moot.

damage.[2] *See Lattimore v. Dickey*, 191 Cal. Rptr. 3d 766, 773 (Ct. App. 2015) To demonstrate causation, Flores had to show that, but for Defendants' negligence, "there was a reasonable medical probability the plaintiff would have obtained a better result." *Alef v. Alta Bates Hosp.*, 6 Cal. Rptr. 2d 900, 905 (Ct. App. 1992). This must be proven via "competent expert testimony." *Jones v. Ortho Pharm. Corp.*, 209 Cal. Rptr. 456, 460 (Ct. App. 1985).

Flores did not provide sufficient expert testimony for either of her two theories of causation: first, that Defendants directly caused Flores' symptoms by placing a second Exelon patch on her body; and second, that Defendants triggered a chain of events that caused Flores' symptoms. Flores presented two experts. Although Flores' first expert, Dr. Johnson, testified that Flores' symptoms were consistent with an Exelon patch overdose, such testimony is not sufficient to demonstrate causation. *See Jennings v. Palomar Pomerado Health Sys., Inc.*, 8 Cal. Rptr. 3d 363, 370 (Ct. App. 2003). Flores' second expert, a nurse, was not qualified to offer an opinion on medical causation.[3] *Cf. Lattimore*, 191 Cal. Rptr. 3d at 775 (concluding that, under California Evidence Code § 720, physician was

---

[2] The government is liable under the FTCA "in the same manner and to the same extent as a private individual . . . ." 28 U.S.C. § 2674.

[3] Flores also conceded in her reply brief that her expert nurse was not qualified to testify as to causation.

3

not qualified to testify about standards for any hospital employees, including nurses, other than physicians). Thus, because Flores failed to present "an expert opinion that contains a reasoned explanation illuminating . . . [that] it is more probable than not the negligent act was a cause-in-fact of the plaintiff's injury," *Jennings, Inc.*, 8 Cal. Rptr. 3d at 370, the district court did not clearly err in finding that Flores had not carried her burden as to causation.[4]

2. The district court also did not err in granting summary judgment to Defendants on Flores' Elder Abuse Act claims. Flores failed to state a claim under the Elder Abuse Act, which requires Flores to prove by clear and convincing evidence that Defendants are liable for neglect "as defined in the Act" and that Defendants are "guilty of 'recklessness, oppression, fraud, or malice.'" *Carter v. Prime Healthcare Paradise Valley LLC*, 129 Cal. Rptr. 3d 895, 901 (Ct. App. 2011), *as modified* (Aug. 24, 2011).

First, Flores' evidence was insufficient to meet the Elder Abuse Act's definition of neglect. The Act is concerned with the "failure to provide medical care" entirely, *Covenant Care, Inc. v. Superior Court*, 86 P.3d 290, 297 (Cal.

---

[4] Further, Defendants' expert testimony refuted Flores' and the district court was entitled to afford greater weight to Defendants' expert testimony given that the witness was an expert in toxicology and Flores' was not. Such a credibility determination was not clearly erroneous. *See Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)*.

2004), not the negligent provision of care, but Flores argued only the latter. Further, the conduct Flores alleged does not rise to the level of "egregious" conduct meant to be prevented by the Act because it does not involve repeated or flagrant failures to provide care. *See Carter*, 129 Cal. Rptr. 3d at 903–04.

Second, even drawing all inferences in Flores' favor, Flores neither alleged nor adduced any facts demonstrating reckless, oppressive, fraudulent, or malicious conduct by Defendants. *See Intrieri v. Superior Court*, 12 Cal. Rptr. 3d 97, 106 (Ct. App. 2004).

Accordingly, the district court did not err in granting summary judgment to Defendants on this claim.

**AFFIRMED.**